```
                   UNITED STATES DISTRICT COURT
                   EASTERN DISTRICT OF KENTUCKY
```
**CENTRAL DIVISION at LEXINGTON**

3D ENTERPRISES CONTRACTING   )
CORP.,                       )
                             )   Civil Action No. 07-80-JMH
     Plaintiff,              )
                             )
                             )
v.                           )
                             )   **MEMORANDUM OPINION AND ORDER**
NATIONAL ELECTRIC COMPANY, INC.,)
                             )
     Defendant.              )

              **    **    **    **    ****

This matter is before the Court on Defendant National Electric Company's ("NEC") motion to reconsider, to vacate, and for oral argument [Record No. 92]. The matter being fully briefed, it is now ripe for review.

### I. Applicable Background

By Memorandum Opinion and Order dated January 18, 2008 [Record No. 81], the Court granted partial summary judgment in favor of Plaintiff on the issue of liability.[1] The matter shall proceed to a bench trial on the issue of damages. On February 4, 2008, Defendant filed the instant motion for reconsideration in which it sets forth several reasons why it believes the Court should vacate the Memorandum Opinion and Order of January 18, 2008. Defendant requested oral argument on its motion to reconsider, a request to which Plaintiff offered no response. Seeing no reason for oral

---

[1] The Court notes that its Memorandum Opinion and Order resolved motions for summary judgment filed by both Plaintiff [Record No. 50] and Defendant [Record No. 47].

argument, the Court will deny Defendant's request for same.

## II.  Standard of Review

The Court will construe Defendant's motion for reconsideration as a Rule 59(e) motion. *See Helton v. ACS Group*, 964 F.Supp. 1175, 1182 (E.D.Tenn.1997) ("The court reads a motion for reconsideration as a Fed.R.Civ.P. 59(e) motion to alter or amend a judgment.") (citing *Smith v. Hudso1n*, 600 F.2d 60, 62-63 (6th Cir.1979)).  The purpose of a Fed.R.Civ.P. 59(e) motion is to enable a court to correct manifest errors of law or fact or to consider the importance of newly discovered evidence.  *See Helton,* 964 F.Supp. 1175.  A party should not file said motion for the purpose of re-litigating issues already presented before the Court.  *See Id.* at 1182.  The law is clear that Fed.R.Civ.P. 59 is not intended to allow a party to "rehash" old arguments. *Id*.  The Court will grant relief for said motion under the following circumstances: "(1) An intervening change of controlling law; (2) Evidence not previously available has become available; or (3) It is necessary to correct a clear error of law or prevent manifest injustice." *Id*.

## III.  Analysis

Defendant offers several reasons why it believes the Court should reconsider and vacate its Memorandum Opinion and Order. While the Court does not find that any of the stated reasons constitute the change in controlling law, new evidence, clear error of law or manifest injustice necessary for vacating its previous

2

Order, *id.*, each of Defendant's points will be discussed in turn.

Initially, Defendant argues that the Court failed to consider two "critical" facts: 1) the fact that NEC requested 3D's subcontract form prior to submitting its bid to 3D, yet 3D failed to provide the subcontract and 2) that prior to submitting the bid, an NEC representative informed a 3D representative that NEC would not accept a one-sided subcontract. Plaintiff disputes the truthfulness of the aforementioned facts. While these "facts" were not expressly discussed in the Court's Memorandum Opinion and Order, the resolution of this factual dispute was not essential to the Court's ruling. By submitting its bid, Defendant promised to perform certain work at a certain price. Plaintiff reasonably relied on that promise to its detriment. This is all that is required for Plaintiff to prove a claim of promissory estoppel. If Plaintiff failed to tender the subcontract upon request, as alleged by Defendant, and Defendant was concerned that the "subcontract form remained an issue," Defendant obviously had the option of not submitting a bid to Plaintiff. As the Court previously stated, upon receipt of the bid, Plaintiff was entitled to rely on it in preparation of its own bid to the project owner.

Contrary to Defendant's contention, the Court's Opinion and Order does not "hold NEC liable for refusing to sign 3D's subcontract." Def.'s Mem. at 3. To put it simply, the Court held Defendant liable **for failing to perform the work it promised to**

3

**perform at the price it promised to perform it.** *See* Restatement (Second) Contracts, § 90 (promissory estoppel binds a promisor to his promise). It is for this very reason that the Court granted Defendant leave to take additional discovery from Tennessee Associated Electric ("TAE") for the purpose of discovering TAE's scope of work on the project. *See* Record Nos. 111 and 114. The Court did not grant summary judgment on damages and the matter is proceeding to trial to determine the appropriate amount of damages. For the Court to hold Defendant responsible for work it did not promise to perform would be an injustice.

Defendant also takes issue with the Court's failure to address the cases of *R.J. Daum Constr. Co. v. Child*, 247 P.2d 817 (Utah 1952) and *Hawkins Constr. Co. v. Reiman Corp*, 511 N.W.2d 113 (Neb. 1994) previously cited in Defendant's briefs on the cross motions for summary judgment. It should be clear to Defendant from the Court's lack of discussion of *R.J. Daum* and *Hawkins* in the Memorandum Opinion and Order that the Court found it unnecessary to address these cases. As explained in the Memorandum Opinion and Order of January 18, 2008, *Rotondo Weirich Enter., Inc. v. Rock City Mechanical, Inc.,* No. 0:05cv72-HRW, 2006 U.S. Dist. LEXIS 19177 (E.D. Ky. April 11, 2006)(applying Kentucky law) and *Harry Harris, Inc. v. Quality Constr. Co.,* 593 S.W.2d 872 (Ky. Ct. App. 1979) direct the result in the instant case. While the factual scenarios are not identical to the instant case, the Court found,

4

and continues to find, that Kentucky law, as found in *Rotondo Weirich* and *Harry Harris,* supports the Court's previous entry of partial summary judgment in favor of Plaintiff. The Court did not and does not see a need to discuss the laws of Utah or Nebraska when Kentucky law is sufficient to direct the outcome of the promissory estoppel claim. Defendant has not pointed to an error of law or manifest injustice in the Court's failure to address *R.J. Daum* and *Hawkins*, but instead, simply urges the Court to apply the law of those cases to the instant matter, an invitation which the Court declines.

Defendant alleges that Plaintiff failed to comply with Defendant's request to view the subcontract prior to submitting its bid. It is this fact which, Defendant believes, supports its argument that the Court erred by failing to consider the doctrine of superior knowledge discussed in the construction law treatise, Bruner & O'Connor on Construction Law, § 4.33 (2002). Defendant cited no Kentucky case law demonstrating that the doctrine applied, and the Court found the doctrine inapplicable to the instant case.

The superior knowledge doctrine, as discussed in Bruner & O'Connor, "is expressed as a type of misrepresentation under theories of both contract and tort, and is a breach of implied contractual duties of cooperation, full disclosure and good faith and fair dealing." Both parties to this litigation recognize that there was no contract; accordingly, from the article itself, it

5

would appear that the doctrine does not apply. Even if this were a contractual dispute appropriate for the application of the doctrine of superior knowledge, Defendant would fare no better. <u>Bruner & O'Connor</u> discusses *Miller Elevator Co., Inc. v. U.S.*, 30 Fed. Cl. 662 (Fed. Cir. 1994) as illustrative of the doctrine of superior knowledge. In *Miller Elevator*, the plaintiff contractor entered into a contract with the government to perform elevator maintenance for a period of three years. The government failed to disclose to the contractor its intention to renovate the building during the pendency of the contract. The renovations greatly increased the amount of work the contractor was required to perform. The contractor sued on the contract, claiming that the government failed to disclose its superior knowledge of the renovations. The court found in favor of the contractor. Unlike in *Miller Elevator*, Defendant knew what it was missing - Plaintiff's subcontract form. If Defendant was as diligent in its efforts to obtain the subcontract form as it claims, it was keenly aware of the lack of production of the form. Defendant could have opted not to bid the project absent the subcontract form.

It is Defendant's position that summary judgment was premature because: 1) there continue to be factual issues regarding the scope of work; and 2) because the Court's Memorandum Opinion and Order, "in its haste, denie[d] NEC the opportunity to take adequate discovery," Def.'s Reply at 1, and "truncated the discovery

6

processs." *Id.* at 14. As an initial matter, the Court notes that Fed. R. Civ. P. 56(f) provides a mechanism by which a non-moving party can request that the Court not consider a motion for summary judgment which the non-moving party believes to be premature. Defendant failed to file a motion pursuant to FRCP 56(f), and cannot now - after entry of partial summary judgment - complain that summary judgment was premature. In fact, Defendant filed its own motion for summary judgment [Record No. 47], indicating that as of November 30, 2007, Defendant did not believe summary judgment to be premature.

The Court did not act in haste or truncate the discovery process by entering its Memorandum Opinion and Order. The Scheduling Order [Record No. 13], which set deadlines in accordance with the parties' joint status report [Record No. 12], imposed a discovery deadline of October 31, 2007 and a dispositive motion deadline of November 30, 2007. On October 16, 2007, the parties filed a joint motion to extend the discovery deadline to November 30, 2007 [Record No. 33]. The Court granted the motion by Order dated October 24, 2007 [Record No. 34]. Neither party requested further extensions of time in which to complete discovery.

The Court fails to see how Defendant can complain that summary judgment was hastily granted when the Court obliged the parties' joint request for additional time and subsequently - over Plaintiff's objection - granted Defendant unlimited additional time

7

to complete discovery as to damages because of the difficulties it encountered with TAE [Record Nos. 111 and 114]. Defendant's reliance on *White's Landing Fisheries v. Buchholzer*, 29 F.3d 229 (6th Cir. 1994) and *Brewer v. Branch Banking & Trust Corp.,* No. 3:04cv573-H U.S. Dist. LEXIS 18496 (W.D. Ky. August 26, 2005) is to no avail. In *White's Landing* and *Brewer*, the courts granted summary judgment and a motion to dismiss, respectively, very early in the litigation before any discovery had taken place. In the instant case, the discovery deadline had long since passed when the Court granted partial summary judgment.

Defendant's argument that differences in the scope of work preclude entry of summary judgment is similarly without merit. As the Court previously found, it is clear from Defendant's bid that it promised to perform a certain scope of work at a certain price. Differences in the scope of work Defendant promised to perform and the scope of work which TAE ultimately performed is a question to be answered at the trial on damages. The purpose of the trial is to determine the extent to which Plaintiff was damaged by Defendant's failure to perform the promised work, and to the extent that Defendant's scope of work and TAE's scope of work differ, the Court will consider such differences in scope. Again, it was for this very reason that the Court granted Defendant additional time to complete discovery as to TAE.

Defendant's final argument in support of its motion to

reconsider and vacate is that the contract law principles of parol evidence and the statue of frauds bar Plaintiff's promissory estoppel claim. The Court, once again, does not find Defendant's argument persuasive. Citing *Davis v. Siemens Medical Solutions USA, Inc.,* 399 F. Supp.2d 785 (W.D. Ky. 2005), Defendant takes the position that because Kentucky courts have "narrowly confined their use of promissory estoppel" and "have been reluctant to contravene the technical requirements of contract law," *Id.* at 797, Plaintiff's promissory estoppel claim must fail.

Defendant fails to appreciate the portion of *Davis* where the court cites *McCarthy v. Louisville Cartage Co., Inc.,* 796 S.W.2d 10, 12 (Ky. Ct. App. 1990) for the proposition that promissory estoppel "is not founded upon a legal duty and a breach thereof; but rather, it is based upon a mere promise and reliance on that promise." *Davis,* 399 F.Supp.2d at 797 (citing *McCarthy*, 796 S.W.2d at 12). Defendant made a written promise to perform certain services at a certain price. Plaintiff reasonably relied on that promise to its detriment. Accordingly, the elements of promissory estoppel, as defined by Kentucky law, are established. *See Rotondo Weirich*, 2006 U.S. Dist. LEXIS 19177 (E.D. Ky. April 11, 2006)(interpreting Kentucky law); *Meade Construction Co., Inc., v. Mansfield Comm. Elec., Inc.,* 579 S.W.2d 105 (Ky. 1979); *Harry Harris, Inc.,* 593 S.W.2d 872. The Court does not deem it necessary to certify to the Kentucky Supreme Court the question of whether

9

promissory estoppel applies to the distinct facts of this case. Kentucky courts recognize the doctrine of promissory estoppel, and Plaintiff has satisfied its elements.

### IV.  Conclusion

Accordingly, and for the foregoing reasons, **IT IS ORDERED** that Defendant's motion to reconsider and vacate [Record No. 92] be, and the same hereby is, **DENIED**.

Defendant's interests would be better served by preparing for trial on the issue of damages rather than filing repetitive motions for reconsideration.

This the 12th day of March, 2008.



Signed By:

*Joseph M. Hood*

Senior U.S. District Judge